**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Department of Education, *et al.*,<br><br>    Defendants. | No. CV-17-08215-PCT-JJT<br><br>**ORDER** |

At issue is Defendants the Arizona Department of Education ("ADE"), the Arizona Office of Administrative Hearings ("OAH"), and Tammy L. Eigenheer's (collectively, the "State Defendants") Motion to Dismiss (Doc. 14, Mot.), to which Plaintiff Matthew Oskowis filed a Response (Doc. 24, Resp.), and the State Defendants filed a Reply (Doc. 26, Reply). No party requested oral argument, and the Court finds the Motion appropriate for resolution without such argument. *See* LRCiv 7.2(f). Accordingly, the Court will grant the Motion and dismiss Plaintiff's claims against the State Defendants.

**I.    BACKGROUND**

Plaintiff is the father of a 13-year-old boy, E.O., who attends the West Sedona School in the Sedona Oak Creek Unified School District #9 (the "District"). In 2006, E.O was diagnosed with classical infantile autism.

On May 3, 2016, Plaintiff filed a due process complaint, pursuant to the Individuals with Disabilities Education Act ("IDEA"), with the ADE alleging that the

District failed to deliver E.O. a free and appropriate public education ("FAPE") by incorrectly implementing E.O.'s August 2013 individual education plan ("IEP"). Shortly thereafter, Plaintiff filed two additional complaints, and the ADE consolidated the three matters to be heard by Eigenheer, an Administrative Law Judge ("ALJ") with the OAH. Eigenheer held a preliminary prehearing conference on June 15, 2016, and later issued a briefing schedule for the matter, which was to conclude with the filing of Plaintiff's reply brief on August 1, 2016. Eigenheer's Order extended the due date for her decision in the matter until September 2, 2016. This date, however, passed without Eigenheer issuing any ruling. Over the next year, both Plaintiff and the District filed a series of requests for a ruling by Eigenheer and for a status conference, each of which went without a response. On September 21, 2017, Eigenheer issued her final ruling in the matter.

Two days later, Plaintiff filed this lawsuit individually and on behalf of E.O. In the Complaint, Plaintiff brings suit against the State Defendants under 42 U.S.C. § 1983 for violations of the IDEA and the Due Process Clause of the Fourteenth Amendment.

Plaintiff's prayer for relief encompasses all forms, including compensatory, injunctive, and declaratory relief. In particular, Plaintiff requests that this Court "[a]ssume jurisdiction over" his administrative complaint and "issue an order . . . granting relief requested" in that complaint. (Compl. at 18.) Further, Plaintiff seeks injunctions to: (1) temporarily enjoin Eigenheer from acting as an ALJ in any future matter filed by Plaintiff and (2) permanently enjoin the State Defendants from issuing decisions beyond those deadlines imposed by federal regulation. (Compl. at 18–19.) Next, Plaintiff requests that the Court issue orders to show cause to the State Defendants so that they might demonstrate why they purportedly exceeded the decision deadlines mandated by federal regulation. (Compl. at 19.) And, finally, Plaintiff seeks both a declaration that the State Defendants violated his civil rights and punitive and compensatory damages totaling $140,000. (Compl. at 19–20.)

The State Defendants now move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

## II. LEGAL STANDARD

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

When analyzing a complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

---

[1] In his Response, Plaintiff argues that the Court should deny the State Defendants' Motion for Defendants' failure to meet and confer with Plaintiff prior to filing a Motion to Dismiss. As the Court previously ruled, if Defendants' Motion is granted, the defects in the Complaint cannot be cured by amendment. (Doc. 28, Order.) Thus, Defendants' failure to meet and confer does not warrant denial of the Motion.

## III. ANALYSIS

In the Complaint, Plaintiff alleges a single cause of action under 42 U.S.C. § 1983. However, Plaintiff's bases this cause of action on the denial of separate and distinct federal rights, which are derived both from the Constitution and federal statutes. The Court first addresses Plaintiff's statutory basis for his § 1983 claim before moving to his constitutional basis.

### A. Plaintiff's Statutory Claims

#### 1. Plaintiff Improperly Raises Claims for Violations of the IDEA Under § 1983

Although inartfully pled, Plaintiff brings this suit under § 1983 for the State Defendants' denial of "his right to pursue administrative redress under the IDEA" and his son's "right to a FAPE under the IDEA." (Compl. at 17.) The State Defendants move to dismiss Plaintiff's claim to the extent it relies on purported violations of the IDEA. (Mot. at 6–7.)

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012). Even if federal law provides for a particular right, a plaintiff may not resort to § 1983 to enforce that right if "Congress has foreclosed citizen enforcement in the enactment itself . . . by imbuing it with its own comprehensive scheme." *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). As the Ninth Circuit has held, the IDEA creates such a scheme. *C.O. v. Portland Pub. Sch.*, 679 F.3d 1162, 1166 (9th Cir. 2012). Thus, a plaintiff may not bring a claim under § 1983 to remedy violations of rights conferred by the IDEA. *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 937 (9th Cir. 2007) (citing *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 803 (3d Cir. 2007) (*en banc*)); *see also Portland Pub. Sch.*, 679 F.3d at 1167–68 (finding the plaintiff "limited to the

remedies available under the IDEA" where the "gravamen of her claim for relief is under the IDEA").

Although brought under § 1983, a substantial number of Plaintiff's claims in this case stem from rights conferred by the IDEA. In particular, Plaintiff alleges that Defendants' acts denied Plaintiff the right "to pursue administrative redress under the IDEA" and Plaintiff's son the right to a free and public education ("FAPE"). (Compl. at 17.) Undoubtedly, the "gravamen" of such claims arise under the IDEA and thus may only be brought through the IDEA. *See Portland Pub. Sch.*, 679 P.3d at 1167–68. Indeed, it is apparent from the Complaint that Plaintiff improperly seeks to re-litigate Eigenheer's decisions via § 1983. Section 1983 provides no such mechanism. If Plaintiff seeks review of the adjudication of his administrative complaints, he must do so through the remedies provided by the IDEA. Accordingly, Plaintiff's claim for relief based on purported violations of the IDEA fails because Plaintiff may not seek relief for such violations through § 1983.

## B. Plaintiff's Constitutional Claim

In addition to the State Defendants' alleged violations of provisions of the IDEA, Plaintiff also asserts that his § 1983 claim is premised Defendants' violation of the Due Process Clause of the Fourteenth Amendment. (Compl. at 15–17.)[2] This claim fails as a matter of law because Plaintiff names Defendants that are either not amenable to suit or entitled to immunity.

### 1. Plaintiff Improperly Names the Arizona Department of Education and the Office of Administrative Hearings as Defendants

Defendants first argue that the Court should dismiss Plaintiff's claims against both OAH and ADE because each is a non-jural entity under state law, and thus, not amenable

---

[2] Plaintiff also raises claims on behalf of his son under the Due Process Clause of the Fourteenth Amendment. However, Plaintiff may not represent his son *pro se* in federal court. *See Oskowis v Sedona Oak-Creek Unified Sch. Dist. #9*, No. CV-17-08197-PCT-DLR, 2018 WL 3069461, at *2 (D. Ariz. June 21, 2018). Thus, the Court dismisses E.O.'s Fourteenth Amendment claims.

to suit. (Mot. at 7–8.) Under Rule 17(b) of the Federal Rules of Civil Procedure, the law of the state where the court is located determines a party's capacity to be sued. In Arizona, a government entity may be sued only if the legislature has specifically identified it as a jural entity. *Payne v. Arpaio*, No. CV-09-1195-PHX-NVW, 2009 WL 3756679, at *4 (D. Ariz. Nov. 4, 2009) (citation omitted). Courts thus look to "the statute[] creating the entity" to determine whether or not it may sue and be sued. *Lazarescu v. Ariz. State Univ.*, 230 F.R.D. 596, 601 (D. Ariz. 2005).

The Arizona legislature has declined to provide either the ADE or OAH with the ability to sue or be sued. *See* A.R.S. §§ 15-231, 41-1092.01. And Plaintiff's Response fails to address the State Defendants' argument on this point, stating only that he should be given leave to amend "if the State of Arizona is a better substitute as a party." (Resp. at 4.) The Court will thus dismiss Plaintiff's claims against OAH and ADE because Plaintiff fails to demonstrate that each is a jural entity under state law.

### 2. The State of Arizona is Entitled to Absolute Sovereign Immunity

Even if the Court were to allow Plaintiff to substitute the State of Arizona as a Defendant in this action, Plaintiff's claims still fail because the State is entitled to absolute sovereign immunity from claims brought pursuant to § 1983.

States—and state entities—are absolutely immune from suit in federal court. *Alaska v. EEOC*, 564 F.3d 1062, 1065 (9th Cir. 2009). Courts have recognized only two exceptions to this immunity. First, Congress may abrogate a state's sovereign immunity through legislation if it "express[es] its intention to do so in unmistakable statutory language." *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995). Second, a state "may waive its immunity by consenting to suit in federal court" *Id.* However, a state must "give an 'unequivocal indication'" of its consent. *Collins v. Alaska*, 823 F.2d 329, 331 (9th Cir. 1987) (quoting *Charley's Taxi Radio Dispatch v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 (9th Cir. 1987). Thus, courts have found such an indication where: "(1) the state expressly consents; (2) a state statute or constitution so provides; or (3) Congress clearly

intended to condition the state's participation in a program or activity on the state's waiver of immunity." *Id.* at 331–32.

Here, Plaintiff brings his claims under § 1983; however, Congress did not intend for § 1983 to abrogate a State's sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). And the State of Arizona has not waived its sovereign immunity in this case, either by express consent or legislation. Finally, although Plaintiff argues that Arizona has waived its sovereign immunity by accepting federal funds for education under IDEA (Resp. at 3–4), any waiver by the State applies only to those claims brought through IDEA. *See M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 351 (3d Cir. 2003) ("[B]y accepting IDEA funds, the state of New Jersey waived its Eleventh Amendment immunity from claims brought pursuant to the IDEA in federal court."). Thus, the State of Arizona is entitled to sovereign immunity because Plaintiff brings his claims pursuant to § 1983 rather than the IDEA.

### 3. ALJ Eigenheer is Entitled to Absolute Judicial Immunity

Finally, the State Defendants move to dismiss Plaintiff's claims against Eigenheer, arguing that absolute judicial immunity shields her from any liability for damages. (Mot. at 5–6).

Judges enjoy absolute immunity from suits for damages brought based on a "judicial act," such as those acts "involved in resolving disputes between parties." *Forrester v. White*, 484 U.S. 219, 225–27 (1988). In addition to "protecting the finality of judgments" and "discouraging inappropriate collateral attacks," judicial immunity "protect[s] judicial independence by insulating judges from vexatious action prosecuted by disgruntled litigants." *Id.* at 225 (citing *Bradley v. Fished*, 80 U.S. (13 Wall.) 335, 348 (1871)). This immunity extends even to administrative law judges. *See Butz v. Economou*, 438 U.S. 478, 513–15 (1978); *see also Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 740 (9th Cir. 2012) ("Absolute immunity is also accorded to officials of government agencies 'performing certain functions analogous to those of' . . .

a judge."); *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (extending absolute judicial immunity to state administrative law judge). In determining whether an act is judicial, courts examine six factors:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985). If the Court deems his acts judicial, an official does not lose his immunity even if "he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Thus, a judge loses the protection of absolute immunity only if his actions are "nonjudicial" or taken "in the complete absence of all jurisdiction." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

Here, Plaintiff alleges that he and his son suffered harm as a result of acts taken by Eigenheer during the adjudication of Plaintiff's state due process complaint. In particular, Plaintiff claims that Eigenheer "failed to render a decision within the federally mandated timeline" and "made numerous errors in her ruling." (Compl. at 15–16.) Nevertheless, applying the *Cleavinger* factors to Plaintiff's allegations supports a finding that Eigenheer is entitled to absolute judicial immunity. In particular, the safeguards and remedies encompassed within the IDEA reduce the need for private damages actions and allow for any error to be corrected by a district court on appeal. And, as the arbiter of an adversary process between Plaintiff and the school district, Eigenheer must be able to perform her duties without the fear of harassment or intimidation. Thus, Eigenheer's actions are paradigmatic "judicial" acts.

Although Plaintiff argues that Eigenheer should lose immunity for her actions because she issued her order outside of the decision timeline mandated by federal regulation, this argument lacks merit. As other district courts have recognized, "nothing in the IDEA and applicable federal and state rules and regulations indicates" that the

decision deadline is jurisdictional. *Paul K. ex rel. Joshua K. v. Hawaii*, 567 F. Supp. 2d 1231, 1235 (D. Haw. 2008). Thus, Plaintiff fails to demonstrate that Eigenheer's acts were taken "in complete absence of all jurisdiction." *See Meek*, 183 F.3d at 965. Accordingly, Eigenheer is entitled to absolute judicial immunity.[3]

## IV. CONCLUSION

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. Dismissal is proper on a Rule 12(b)(6) motion when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). At the crux of the Complaint is a challenge to the adjudication of Plaintiff's May 2016 due process complaints, which were filed against the Sedona Oak Creek Unified School District #9. (*See* Compl. at 11, 16–17, Ex. A.) Thus, Plaintiff may be able to amend his Complaint to properly state a claim for review of that decision, pursuant to the IDEA. However, Plaintiff may not seek review of an administrative decision under the guise of a § 1983 complaint. Thus, the Court finds that the Plaintiff cannot plausibly amend the Complaint to cure the defects in his claims against the State Defendants. Accordingly, the Court will dismiss the claims against those Defendants with prejudice.

IT IS THEREFORE ORDERED granting the State Defendants' Motion to Dismiss (Doc. 14).

IT IS FURTHER ORDERED dismissing Plaintiff's Claims against the Office of Administrative Hearings, the Arizona Department of Education, and Tammy L. Eigenheer, with prejudice.

---

[3] Plaintiff additionally argues that Eigenheer's judicial immunity does not preclude injunctive or declaratory relief. However, Plaintiff lacks standing to seek injunctive or declaratory relief because he fails to demonstrate a "real and immediate threat" that he will again be subject to Eigenheer's allegedly harmful conduct. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983).

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in favor of Defendants the Office of Administrative Hearings, the Arizona Department of Education, and Tammy L. Eigenheer and against Plaintiff on Plaintiff's Complaint.

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint, pursuant to the remedies available under the IDEA, against the Sedona Oak-Creek Unified School District #9 within 21 days of this Order. If Plaintiff does not file an Amended Complaint, the Clerk of Court is directed to dismiss the action.

Dated this 9th day of August, 2018.

Honorable John J. Tuchi
United States District Judge